JS-6     O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This case is before the Court on three matters: Plaintiff's motion to remand, the motion of Defendants Linda Schuette and Michael Dacquisto to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), and the *amicus curie* brief of the United States asking the Court to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1), 12(h)(3), and 12(b)(6). For the reasons stated below, the Court **DENIES** Plaintiff's motion to remand,[1] **GRANTS** the motion of Schuette and Dacquisto to dismiss without leave to amend,[2] and dismisses the claims against Defendants Robert Bardwil and Samuel Bufford without leave to amend. The Court also **DENIES** Plaintiff's "Ex Parte Motion to Reconsider Denial of Emergency Temporary Restraining Order"[3] (which was noticed for March 9, 2009), the second such motion for reconsideration he has made. This action is dismissed with prejudice.

## I.    BACKGROUND

This case arises from a dispute over an asset of a bankruptcy estate, a condominium in Long Beach that is apparently occupied by a bankruptcy debtor, Betsey Warren Lebbos. Plaintiff, Joseph Giovanazzi, is a co-trustee of the Aida Madeline Lebbos Trust II ("Lebbos Trust"). Defendant Linda Schuette is the court-appointed

---

[1] Docket No. 12.

[2] Docket No. 7.

[3] Docket No. 28.

**JS-6**   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | | Date | March 10, 2009 |
|---|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | | |

bankruptcy trustee and Defendant Michael Dacquisto is her court-appointed attorney in Lebbos's bankruptcy proceeding. Defendant Robert Bardwil is a U.S. Bankruptcy Judge in the Eastern District of California; he presided over Lebbos's bankruptcy proceeding. Defendant Samuel Bufford is a U.S. Bankruptcy Judge in the Central District of California.

In 2006 Betsey Lebbos filed for Chapter 7 bankruptcy in the Eastern District of California (Bankruptcy Case No. 06-22225). In January 2007, Schuette filed an adversary complaint in the bankruptcy case in her capacity as the Chapter 7 trustee, seeking an order voiding Lebbos's fraudulent transfer of the Long Beach condominium to herself as a trustee for the Lebbos Trust (Adversary Case No. 07-2006). In April 2008, Bankruptcy Judge Robert Bardwil issued a decision which set aside and voided the transfer, and granted immediate access to, control over, and possession of the condominium to the Chapter 7 Trustee.[4] Lebbos has appealed this ruling to the Ninth Circuit. Subsequently, Schuette filed an action in the bankruptcy court of the Central District, asking Judge Samuel Bufford to enforce the Eastern District's decision by issuing a writ of possession (Bankruptcy Case No. 08-00010). At a hearing in January 2009, Judge Bufford orally agreed to do so, but the Court cannot ascertain whether he has yet issued a written order.

On January 12, 2009, Plaintiff filed a complaint to quiet title and for declaratory and injunctive relief in the Los Angeles Superior Court against Defendants. On January 22, 2009, on behalf of Defendants Bardwil and Bufford, the United States Attorney removed the action to this Court. Defendants Schuette and Dacquisto then filed a noticed motion to dismiss the case against them. On February 3, 2009 Plaintiff filed an "Ex Parte Application for Emergency Temporary Restraining Order" and a noticed motion to remand. The Court denied the *ex parte* application for failure to show any likelihood of success on the merits. Shortly after, Defendants Bardwil and Bufford also filed a motion to dismiss. The Court continued the hearing date of each noticed motion to March 9,

---

[4]The judgment in the adversary action is dated April 17, 2008. It is attached to Plaintiff's complaint and is numbered pages 29-32 of the Notice of Removal. The Court takes judicial notice of all filings, court documents, and transcripts in the underlying bankruptcy proceedings, some of which are attached to the Complaint and others of which are attached to Plaintiff's and Defendants' briefs.

**JS-6**     O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

2009.

Before briefing was completed on the motion of Bardwil and Bufford, and with the Court's permission, the United States Attorney's Office withdrew as their counsel because that office may not defend the bankruptcy judges in a collateral action in the nature of an appeal of decisions they made in their official capacity. The U.S. Attorney's Office withdrew the motion and briefs it had previously filed and filed an *amicus* brief asserting the same arguments for dismissing the case.

## II.     MOTION TO REMAND

Plaintiff contends that removal was procedurally improper for a variety of reasons, some of which are unintelligible. It appears that after the U.S. Attorney's Office informed him that it intended to remove the action to federal court, Plaintiff attempted to file a notice of dismissal of the bankruptcy judges in state court. However, by the time he sought to file the notice of dismissal, the action had already been removed. The removing defendants filed a proper notice of removal and notice to adverse parties, and timely served Plaintiff with both documents. Because removal was proper, the Court DENIES the motion to remand.[5]

## III.    MOTIONS TO DISMISS

Defendants Schuette and Dacquisto argue that Plaintiff fails to state a claim against them and request dismissal with prejudice.[6] The United States requests dismissal of the bankruptcy judges for lack of subject matter jurisdiction or for failure to state a claim.

### A.     Allegations in the Complaint

---

[5] In subsequent briefs, Plaintiff indicated that he wants to withdraw the motion and assert a *Bivens* claim against Defendants Bardwil and Bufford, but he has not filed a notice of withdrawal of the motion.

[6] Plaintiff filed a "Response to Reply to Opposition to Motion to Dismiss Defendants' [*sic*] Schuette And Dacquisto" on February 17, 2009. Plaintiff did not seek leave to file such a sur-reply, so the Court STRIKES that filing.

JS-6        O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

In his first cause of action for quiet title against all the defendants, Plaintiff alleges that he has title as trustee of the Lebbos Trust to the condominium. Compl. ¶ 2. He alleges that:
- Defendants Schuette and Dacquisto have sought a writ of possession from Bankruptcy Judge Bufford knowing that Plaintiff owns the condominium and without providing an adequate bond. *Id.* ¶¶ 10-11.
- Bankruptcy Judge Bardwil wrongfully awarded title to the Chapter 7 Trustee and that he had no right to take title and possession from Plaintiff. *Id.* ¶¶ 12-17.
- Bankruptcy Judge Bufford tentatively stated he will issue a writ of possession. *Id.* ¶ 18.
- Each of the defendants has no right to take his property without notice to him, the owner. *Id.* ¶ 19.

Plaintiff "seeks to quiet title to his superior title ownership and of his right to possession of [the condominium] and to his Contracts with his tenants." *Id.* ¶ 21. (He does not explain who his tenants are, but it appears that he considers Betsey Lebbos to be one of his tenants.)

By the second cause of action for declaratory relief, "Plaintiff seeks an adjudication that the bankruptcy litigation based on the forged Bankruptcy petition filed in the Eastern District by Attorney Darryll Alvey for Betsey Lebbos has no subject matter jurisdiction over the condominium. . . ." *Id.* ¶ 24. He also alleges that "the bankruptcy litigation . . .has no personal jurisdiction over the plaintiff as he was not served with any process nor was the owner, the Aida Madeline Lebbos Trust II. . . ." *Id.* ¶ 25. He seeks a judgment that the defendants have no personal or subject matter jurisdiction over him or the Trust or the condominium, and may not claim title to the condominium under California law. *Id.* ¶¶ 26-27, 29-31.

Plaintiff's third cause of action is for injunctive relief to prevent defendants from taking possession of the condominium or his tenants' property. *Id.* ¶ 33.

### B.  Subject Matter Jurisdiction Over Claims Against the Bankruptcy Judges

The United States argues that the Court lacks subject matter jurisdiction over the

JS-6  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

complaint against the bankruptcy judges due to the derivative jurisdiction doctrine. Under this doctrine, the federal court would have jurisdiction over actions removed to federal court through 28 U.S.C. § 1442 only if the state court had subject jurisdiction over the complaint. *See Glass v. National R.R. Passenger Corp.*, 570 F.Supp.2d 1180, 1183 (C.D. Cal. 2008) (Wu, J.). The United States somehow construes this lawsuit against the judges as a lawsuit against the United States, which enjoys sovereign immunity. Sovereign immunity, it notes, is waived in actions under the Federal Tort Claims Act (FTCA), but the FTCA vests exclusive jurisdiction in the federal courts, so the complaint could not have been brought against the judges in state court under the FTCA.

The United States' derivative jurisdiction argument is backwards. It perceives a (doubtful) sovereign immunity problem, notes that the FTCA overcomes the problem, and then proceeds to argue that there is an FTCA claim but the Court lacks derivative jurisdiction over it. There is nothing on the face of the Complaint that suggests this was an action brought under the FTCA. This is a quiet title action, for the subject matter of which the state court undoubtedly had jurisdiction. Hence, this Court does have derivative subject matter jurisdiction.

### C.  Failure to State A Claim Against the Bankruptcy Judges

This action is a collateral attack against judicial rulings made by Judges Bardwil and Bufford. Plaintiff protests Judge Bardwil's decision to void the transfer of the condo to the Lebbos and his decision overruling Betsey Lebbos's objection that she was not bound by the bankruptcy proceedings because she never signed the original bankruptcy petition. (*See* Notice of Removal at pages 29-32; Pl.'s Opp'n to Def'ts' Bardwil and Bufford's Motion to Dismiss, Ex. G.) He challenges Judge Bufford's tentative decision to issue a writ of possession. All of his allegations and arguments are premised on the assertion that he, as trustee for the Lebbos Trust, is the owner of the condo and that the bankruptcy judges have no authority to issue the decisions they did. All of that is apparent from the allegations in the Complaint.

Plaintiff's quiet title complaint does not, and cannot, state a legally sufficient claim against Defendants Bardwil and Bufford. Plaintiff alleges that the judges erred in their decision-making in the underlying bankruptcy proceeding. Their official functions are protected by absolute immunity. Plaintiff has an obligation to plead around absolute

**JS-6**     O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

defenses disclosed on the face of the complaint and has failed to do so. William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2008) §§ 9:193, 9:197.

Plaintiff seeks leave to amend his pleadings to add a *Bivens* claim against the bankruptcy judges, on the ground that they violated the Constitution by making decisions even though they did not have jurisdiction. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) authorizes, in extremely limited circumstances, damages suits against federal officers for violations of constitutional rights. The Bankruptcy Court decisions that Plaintiff attached to the Complaint and to his briefs contradict his allegation that the bankruptcy judges exceeded their authority. The pleadings and judicially noticed documents indicate that Plaintiff would have no good faith basis to assert a *Bivens* claim. Even if he could assert such a claim, the bankruptcy judges would still be able to assert an absolute immunity defense. Although leave to amend is usually freely granted, in this instance Plaintiff's intended *Bivens* claim against the bankruptcy judges would be so thoroughly improper that the Court must dismiss it without leave to amend.

### D. Failure to State A Claim Against Schuette and Dacquisto

Defendants Schuette and Dacquisto, the Chapter 7 trustee and counsel, seek dismissal of the complaint against them for Plaintiff's failure to obtain leave of the bankruptcy court prior to bringing this action, as required by *Barton v. Barbour*, 104 U.S. 126 (1881) and its progeny. Under the *Barton* doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005). *Barton* does not apply if the officer engages in conduct beyond the scope of his authority. *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1976).

The *Barton* doctrine bars Plaintiff's complaint against Defendants Schuette and Dacquisto. The allegations against them arise directly from, and are based entirely on, their actions as bankruptcy trustee and trustee's counsel in seeking to secure the assets of the bankruptcy estate. The Complaint does not allege that they acted beyond the scope of their authority, and Plaintiff admits he did not seek leave from the bankruptcy court.

**JS-6**   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-0496 AHM (PLAx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | JOSEPH GIOVANAZZI v. LINDA SCHUETTE, *et al.* | | |

Instead, Plaintiff argues he is not required to seek leave. In his opposition brief, he accuses Schuette and Dacquisto, as well as the bankruptcy judges, of "ultra vires and ex parte acts," namely, running an "ambushing owners" scam. He contends without any basis whatsoever that "[a] *prima facie* case is made out of their unconstitutional 'Ambushing the Owners' scam." (Opp'n at 3.) Plaintiff proffers a declaration from Betsey Lebbos, which also contains wild accusations lacking any foundation or evidentiary support, such as that "these frauds may be commonplace in the 'Cowboy' atmosphere up North where any scams in the Bankruptcy court there may be approved by its judges" and "defendants Linda Schuette and Michael D'Acquisto have a ten year history of running these scams of taking property ex parte and ultra vires from strangers so they can keep the money for themselves." Declaration of Betsey Lebbos ¶¶ 2-3.

Plaintiff makes other outlandish contentions, such as that Schuette is not a valid bankruptcy trustee and that her appointment is facially void, and that the bankruptcy judges have no judicial power because they are not Article III judges. The Court takes judicial notice of Exhibits B through F to Defendants' motion to dismiss, court orders and pleadings in the Chapter 7 bankruptcy case and the adversary action. These exhibits establish that Defendants Schuette and Dacquisto were appointed by the bankruptcy court and that they were acting within the scope of their authority in filing the adversary action to void the fraudulent transfer of the condo.

Defendants have shown that any allegation that they acted outside the scope of their authority would be frivolous. Plaintiff has not received leave from the bankruptcy court to file any claims against Schuette and Dacquisto and he would not have a good faith basis to amend the complaint to avoid that requirement. For these reasons, the Court GRANTS Defendants' motion to dismiss without leave to amend.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | se |